IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No.: 5:23-cv-00280-FL

| | |
|---|---|
| COURTHOUSE NEWS SERVICE, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ) <br> RYAN BOYCE, in his official ) <br> capacity as Director of the North ) <br> Carolina Administrative Office ) <br> of the Courts; MICHELLE BALL, ) <br> in her official capacity as Clerk ) <br> of Superior Court of Johnston ) <br> County, RENEE WHITTENTON, ) <br> in her official capacity as Clerk ) <br> of Superior Court of Harnett ) <br> County; and BLAIR WILLIAMS, ) <br> in his official capacity as Clerk ) <br> of Superior Court of Wake ) <br> County, ) <br> ) <br> Defendants. ) | MEMORANDUM OF LAW <br> IN SUPPORT OF <br> DEFENDANTS' MOTION <br> TO DISMISS |

NOW COME Defendants Ryan Boyce, in his official capacity as Director of the North Carolina Administrative Office of the Courts; Michelle Ball, in her official capacity as Clerk of Superior Court of Johnston County, Renee Whittenton, in her official capacity as Clerk of Superior Court of Harnett County; and Blair Williams, in his official capacity as Clerk of Superior Court of Wake County, by and through their undersigned counsel, Special Deputy

Attorney General Elizabeth Curran O'Brien, and hereby submit this memorandum in support of their motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## STATEMENT OF THE CASE

On May 25, 2023, Plaintiff Courthouse News Service ("CNS") filed its Complaint in this matter alleging that Defendants' policy and practice of administratively processing newly filed civil complaints violates the First Amendment to the United States Constitution and 42 U.S.C. § 1983 by denying CNS access to new civil complaints "upon their receipt for filing." Plaintiff seeks a declaratory judgment that this processing violates the First Amendment and an injunction prohibiting Defendants from administratively processing complaint before publishing them on the public eCourts Portal on the internet.

Plaintiff's Complaint, scant on details or legal support, is a thinly veiled attempt to persuade this Court to impose a First Amendment standard of "on-receipt" internet access to newly filed civil complaints. Recently, the Fourth Circuit explicitly rejected the "on-receipt" access standard, explaining that the First Amendment standard for access to newly filed civil complaints is a "flexible standard [that] does not require perfect or instantaneous access." *Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 328–9 (4th Cir. 2021). This Court should dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) because

its legal theory is based on an inapplicable legal standard, and therefore, it fails to state a claim for relief.

## STATEMENT OF THE FACTS AS ALLEGED IN COMPLAINT

CNS is a corporation whose core business is providing paid subscription reports of newly-filed lawsuits to law firms, law schools, government offices, and news outlets. [DE 1 ¶¶ 31, 32, 33, 34, 35] CNS employs approximately 240 people to cover the thousands of state and federal trial and appellate courts in all 50 states in the United States. [DE 1 ¶19] CNS's paid subscription-based services cover North Carolina courts, and these "litigation reports" are emailed to paid subscribers once daily on weekdays in the evening. [DE 1 ¶35] CNS generally reports on civil actions brought against businesses and public entities. [Id.] The subscription report that covers Wake and Johnston counties (as well as four other counties) has 60 paid subscribers. [DE 1 ¶37] The subscription report that covers Harnett County (as well as 80 other counties), has 45 paid subscribers. [DE 1 ¶38] CNS also publishes a free website which features "news reports" and commentary. [DE 1 ¶31]

On February 13, 2023, the state courts in Wake, Johnston, Harnett, and Lee Counties became the first counties to launch mandatory e-filing in North Carolina. [DE 1 ¶6] Eventually, all 100 North Carolina counties are expected to implement mandatory e-filing. [Id.]

E-filings are made through a single online site managed and maintained

by NCAOC, known as eFile North Carolina. [DE 1 ¶7] Currently, Defendant Clerks and their employees accept civil filings in the "Clerk Review Queue," where they process complaints and add them to the docket. [DE 1 ¶ 19] Once docketed, the public (including the press) can see new complaints through the publicly-available eCourts Portal website. [Id.]

CNS alleges that Defendants have a "no access before processing" policy, which means that newly filed civil complaints are not docketed and available on Portal until they have been processed by the Clerk's office. [DE 1 ¶¶14-15] CNS asserts that the newly implemented e-file system in four counties in North Carolina has damaged "the news" because electronically filed complaints are not available "on receipt," but instead are available when they are entered into the public case docket. [DE 1 ¶5] CNS claims that "on-receipt" access to civil complaints is important because a complaint is the initiating document in a case. [DE 1 ¶ 1] CNS alleges that this policy going forward will "result in the ongoing denial of the press' and public's qualified First Amendment right of on-receipt access to civil complaints." [DE 1 ¶ 15]

CNS claims they have experienced substantial and continuous delays in obtaining access to newly e-filed civil complaints, alleging that about half have been withheld between one to three days or more. [DE 1 ¶ 16]. Yet, CNS lists only four lawsuits that were not available instantaneously "on-receipt" that "delayed reporting" in some unspecified way. [DE 1 ¶43]

## LAW AND ARGUMENT

I. **INTRODUCTION**

CNS, a for-profit corporation, has filed more than twenty lawsuits nationwide against state court clerks and administrators in an attempt to gain instantaneous access to civil complaints. *See, e.g., Courthouse News Serv. v. New Mexico Admin. Off. of Cts.*, 53 F.4th 1245 (10th Cir. 2022); *Courthouse News Serv. v. Planet*, 947 F.3d 581 (9th Cir. 2020) ("*Planet III*"); *Courthouse News Serv. v. Harris*, No. CV ELH-22-0548, 2022 WL 17850125 (D. Md. Dec. 22, 2022). CNS's core legal claim is that the First Amendment requires "upon receipt," or "instantaneous" press access to court records. [DE 1 ¶ 65] Unfortunately for CNS, the Fourth Circuit expressly rejected that exact premise.

CNS employs just 240 employees to cover thousands of courts nationwide. [DE 1 ¶ 19] In North Carolina, CNS profits from its paid subscription service, which takes public records and distributes them, primarily to lawyers, once each weekday evening. [DE 1 ¶ 35]

To support this business model, CNS wants this Court to order what the First Amendment does not require: for Defendants to make newly filed complaints available "on-receipt" and viewable immediately on Portal, accessible from anywhere and to anyone with internet access. [DE 1 ¶ 19] CNS asks this Court to disregard the Fourth Circuit's binding precedent to require

Defendants (and the 97 other North Carolina counties) to: (1) purchase technology to provide CNS instantaneous electronic access to newly filed civil complaints; (2) declare that "denying access until after administrative processing" is unconstitutional; and (3) enjoin Defendants from conducting *any* administrative processing of complaints before access.

Clear Fourth Circuit precedent in a recent lawsuit brought by CNS against several clerks in the Virginia court system, directly undermines CNS's claims. This Court should dismiss the Complaint for failure to state a claim, rejecting CNS's attempt to impose upon North Carolina's courts a greater standard than that required by the established First Amendment jurisprudence governing access to newly filed civil complaints.

## II. CNS FAILS TO STATE A FIRST AMENDMENT VIOLATION

### a. Rule 12(B)(6) Standard Of Review

This Court may dismiss any complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), the court must assess the legal sufficiency of the allegations. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Although a plaintiff's well-pled allegations are taken as true, *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996), the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175,

180 (4th Cir. 2000); *see Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss for failure to state a claim, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Further, courts are not required to "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002).

The United States Supreme Court has set out a two-prong analysis for assessing whether a plaintiff has stated a claim. First, a court must identify and reject legal conclusions unsupported by factual allegations because they are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Second, assuming the veracity of "well-pleaded factual allegations," a court must conduct a context-specific analysis drawing on "its judicial experience and common sense" and determine whether the factual allegations "state a claim to relief that is plausible on its face." *Id.* At 678. The plausibility requirement demands more than a "sheer possibility that a defendant has acted unlawfully." *Id*. The complaint must plead sufficient facts to allow a court to infer "more than the mere possibility of misconduct." *Id.*

### b. There is no First Amendment right to "on-receipt" access to newly filed civil complaints.

CNS asserts a right of access to newly filed complaints under the First Amendment. The Fourth Circuit recently articulated that the public[1], which includes the press, enjoys a qualified First Amendment right to "contemporaneous" access to newly filed civil complaints in *Schaefer*, 2 F.4th 318, 326-28. *See also In re Greensboro News Co.*, 727 F.2d 1320, 1322 (4th Cir. 1984) (holding that the media's right of access are "co-extensive with and do not exceed those rights of members of the public in general").

In *Schaefer*, the Fourth Circuit considered whether a clerk's practice of administratively processing newly filed civil complaints before making the complaints available to the public violated the qualified First Amendment right of "contemporaneous" access. Because it recognized that the clerks' administrative processing was a time, place, and manner restriction, the *Schaefer* court applied intermediate scrutiny in reviewing the delays in access associated with processing. *Schaefer,* 2 F.4th at 327 (citing *Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*, 457 U.S. 596 (1982)). Under this

---

[1] In its letters to each of the Defendants, CNS appears to assert that the press has a superior right to access than the public. DE 1-2, 1-3, 1-4, 1-5 ("When a clerk denies public access while manually processing new complaints, on-receipt access by necessity requires allowing *the media, and through them the public*, to review and report on the new public cases when they arrive in the EFM.") (emphasis added).

standard, "delays in access [must] be 'content-neutral, narrowly tailored and necessary to preserve the court's important interest in the fair and orderly administration of justice.'" *Schaefer,* 2 F.4th 318 at 328 (quoting *Planet III*, 947 F.3d at 592).

Applying this standard, the *Schaefer* Court upheld the district court's conclusion that "contemporaneous" access to newly filed civil complaints that are being administratively processed means "on the same day of filing, insofar as practicable and when not practicable, on the next court date." *Id.* at 328. The "contemporaneous" standard is flexible and "does not require perfect or instantaneous access." *Id.* "[I]t provides courts with some leeway where same-day access would be impracticable, and fully exempts inconsequential delays and those caused by extraordinary circumstances." *Id.*

Other courts and Circuits presented with this issue have aligned with the Fourth Circuit's conclusion that the qualified First Amendment right of contemporaneous access to newly filed civil complaints does not require instantaneous, on-receipt access. *See, e.g., Courthouse News Serv. v. New Mexico Admin. Off. of Cts.*, 53 F.4th 1245 (10th Cir. 2022) (rejecting a court mandated minimum five-business-hour rule for access to complaints as unreasonable because it failed to accommodate the state's interest in the administration of its courts); *Planet III*, 947 F.3d at 594 (finding that the First Amendment qualified right of access did not require "immediate, pre-

processing access to newly filed complaints"); *Courthouse News Service*, 2022 WL 17850125, at \*1 (finding instantaneous access was not required).

Despite *Schaefer*'s clear holding, CNS's Complaint is premised on a legal standard that would require instantaneous, on-receipt access. CNS uses the term "receipt" or "on-receipt" 23 times in its complaint. In contrast, the term "contemporaneous" only appears 5 times and the *Schaefer* definition of "contemporaneous" appears nowhere in the complaint. CNS's only authority for the on-receipt standard derives from a California District Court case which did not involve electronic filing, *Courthouse News Serv. v. Planet*, No. CV118083DMGFFMX, 2021 WL 1605216, at \*1 (C.D. Cal. Jan. 26, 2021). CNS erroneously asserts that court's holding that "a qualified First Amendment right of timely access attaches 'when new complaints are received by a court, rather than after they are 'processed'" means that CNS has a First Amendment right of access to "on-receipt" access of civil complaints. [DE 1 ¶ 48]

CNS's argument, however, conflates when the right attaches with what access is required following said attachment. The Ninth Circuit explained this difference in its review of the district court case noting that, "although we conclude, as did the district court, that the qualified right of access to nonconfidential civil complaints arises when they are filed with the court, we do not view that conclusion as demanding immediate, pre-processing access to newly filed complaints." *Planet III*, 947 F.3d at 594. Likewise, the *Schaefer*

Court makes clear that instantaneous, on-receipt access is not required following the attachment of the First Amendment right of access to newly filed civil complaints. *Schaefer* at 328.

### c. Defendants comply with the contemporaneous access standard based on the facts presented in the Complaint.

Like the clerks in *Schaeffer*, the Defendant Clerks here are administratively processing each newly filed civil complaint before making it publicly available. This is a permissible time, place, and manner restriction that supports application of the *Schaefer* Court's "contemporaneous" access standard. CNS's Complaint fails to allege that the delays associated with Defendants processing violate the "contemporaneous" standard for access on the "same day of filing, insofar as practicable and when not practicable, on the next court date." *Id*. at 328.

CNS alleges only a few "facts" regarding the time in which Defendants provide access to newly filed civil complaints. First, CNS, vaguely and without any detail, contends that it experiences "substantial and continuous" delays and "about half" of newly filed civil complaints "are withheld between one and three days – or more." [DE 1 ¶ 16]. CNS also asserts that "about half of the complaints filed in Harnett, Johnston and Wake counties have, on average, been withheld from access a day or more." [DE1 ¶42] The relevant standard, however, is based on availability on the same day of filing or next ***court date***,

not availability on the next calendar day. *Id.* at 328. Applying this standard, these general, conclusory, and unsupported factual allegations do not demonstrate a violation of the First Amendment.

First, the contemporaneous standard of access allows for filings to be available the next day or even the next court date without any First Amendment violation. *Id.* at 328. Second, filings that are made available between one and three calendar days of submission may still meet the "contemporaneous" standard depending on when they were filed in relation to the Defendant Clerk's office hours and weekends. E-filing is available 24 hours a day. However, North Carolina Clerk's Offices are only open weekdays from 8:30 AM until 5:00 PM. If a complaint is filed at 4:59 PM on a Friday afternoon, the "next court day" is Monday (in most cases, unless Monday is a holiday, in which case the next court day is the next non-holiday). Indeed, even with electronic filing, a document must be filed by 5:00 PM on its due date in order to be timely filed. N.C. Gen. R. Prac. Super. & Dist. Ct. 5 (b)(4)(b).

As such, a filing made after close of business (i.e., after 5:00 PM) on a Friday that is made publicly available on Monday would be considered "same day" under *Schaefer*'s standard. The Maryland District Court directly addressed this issue, stating "the Constitution does not require the impossible" and "[i]f the courthouse is not open for business, then the time of closure cannot be charged as a delay." *Courthouse News Service*, 2022 WL 17850125, at *40.

It would be impossible for the clerks to complete the administrative processing of a civil complaint filed at 4:59 PM on Friday before the close of business at 5:00 PM. Even though three calendar days may pass between filing and access, providing access to the complaint on Monday, "the next court date," meets the standard of contemporaneous access under *Schaefer*.[2] Accordingly, even if CNS's allegations in paragraphs 16 and 42 are true, CNS has not alleged a violation of the First Amendment.

Tellingly, the official state court records for the four lawsuits that CNS does specifically reference in the Complaint [DE 1 ¶ 43] demonstrate that the Defendants have not violated CNS's First Amendment right of access. [*See* Exhibits A through to D].[3] This Court may take judicial notice of these state court records on a motion to dismiss without converting the motion into one for summary judgment both because they are state court records and because they are referenced in and integral to the Complaint. *See, e.g., Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (stating that "[i]n reviewing a

---

[2] Notably, CNS insists that clerks process newly filed civil complaints 24 hours a day, 7 days a week in order to provide "on receipt" access, even though CNS only sends out its "reports" once a day, in the evening, on weekdays. [DE 1 ¶ 35]

[3] These state court records are also available on the North Carolina Judicial Branch eCourt Portal, which is referenced in the Complaint [DE 1 ¶18], at: https://portal-nc.tylertech.cloud/Portal/Home/Dashboard/29?p=0 by searching for the following case numbers: 23CV006379-910, 23CV008736-910, 23CV005042-910, 23CV010964-910 in the Smart Search application.

Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record"); *Hall v. Virginia*, 385 F.3d 421, 424 n. 3 (4th Cir. 2004) (permitting judicial notice of more specific statistics found in the public record than those generally alleged in the complaint in reviewing a Rule 12(b)(6) motion); *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (permitting consideration of extraneous material if such materials are "integral to and explicitly relied on in the complaint"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239–40 (4th Cir. 1989) (confirming propriety of judicially noticing court records); *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) (stating that courts "may also look to public records, including complaints filed in state court, in deciding a motion to dismiss"); *Gasner v. Cnty. of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995) (permitting district court to take judicial notice of public documents, such as court records, even when the documents are neither referenced by nor integral to plaintiff's complaint).

The first lawsuit CNS references is one brought by "the producer of a local politics show Front Row, which allegedly was not renewed for "slipping farther and farther to the Right," who sued PBS North Carolina under the state's public records law seeking documents involving the show. [DE 1 ¶43] This refers to *Old School Productions, LLC v. PBS North Carolina*, 23CV006379-910 (Wake Cnty Sup. Ct.). [Ex. A] Based on the publicly

available, official court records, the complaint in this case was filed on Friday March 20, 2023, at 4:42 PM, [Ex. A-2 at 000001 (providing "Electronically Filed Date" stamp on bottom of page)][4] and posted on the internet Portal on Saturday March 21, 2023, 11:31 AM. [Ex A-1 at 000002 under Case Events, Complaint, Created date] Accordingly, despite a late Friday filing, this complaint was available on a Saturday well before the next court date on Monday.

The second lawsuit CNS references is one in which "parents filed a wrongful death action against the Greater Raleigh Merchants Association because a driver in their holiday parade lost control of his truck and killed their 11-year-old daughter." [DE 1 ¶43]. This refers to *Estate of Hailey Kaye Brooks v. Landen Christopher Glass*, 23CV008736-910 (Wake Cnty Sup. Ct.). Based on the publicly available, official court records, the complaint in this case was filed after hours on Friday April 14, 2023, at 5:17 PM [Ex. B-2 at 000001], and posted on the internet Portal on Monday April 17, 2023, at 3:39 PM. [Ex. B-1 at 000004 under Case Events, Complaint, Created date]. Accordingly, this complaint was available to the public on the same day of filing.

The third lawsuit CNS references is one in which a "Raleigh resident filed a class action on behalf of current and former employees against Pepsi

---

[4] "A document is filed when it is received by the court's electronic-filing system, as evidenced by the file stamp on the face of the document." N.C. Gen. R. Prac. Super. & Dist. Ct. 5 (b)(4)(a).

Bottling Ventures over a data breach." [DE 1 ¶43]. This refers to *Roy Baldwin v. Pepsi Bottling Ventures LLC*, 23CV005042-910 (Wake Cnty Sup. Ct.). Based on the publicly available, official court records, the complaint in this case was filed Tuesday March 7, 2023, at 12:25 PM [Ex. C-2 at 000001], and posted on the internet Portal on Wednesday March 8, 2023, at 8:22 AM. [Ex C-1 at 000002 under Case Events, Complaint, Created date] Accordingly, this complaint was available to the public on the first court date after filing and access was provided that day before the courthouse even opened to the public at 8:30 AM.

The fourth and final case that CNS references is "a fraud action was filed against a Wyoming business called Dragonfly Alliance for inducing plaintiff to invest $200,000.00 in a scheme involving a new 'plasma technology' process to extract gold quickly so plaintiff could obtain 400 ounces of gold bars at extremely low cost." [DE 1 ¶43]. This refers to *Dean M. Spear v. Dragonfly Alliance LLC*, 23CV010964-910 (Wake Cnty Sup. Ct.). Based on the publicly available, official court records, the complaint in this case was filed Friday, May 5, 2023, at 2:54 PM [Ex. D-2 at 000001], and posted on the internet Portal on Monday May 8, 2023, at 9:11 AM. [Ex D-1 at 000002 under Case Events, Complaint, Created Date] Accordingly, this complaint was available to the public on the first court date after filing.

This court cannot "accept as true allegations that contradict matters

properly subject to judicial notice or by exhibit." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). By listing these lawsuits, CNS alleges that Defendants violated the First Amendment by not making the complaints in these cases publicly available on-receipt. The public records, of which this Court may properly take judicial notice, demonstrate that Defendants provided contemporaneous access to these complaints to the public and press, thus satisfying the contemporaneous access standard articulated in *Schaefer*.

It is clear from CNS's Complaint, as well as their other litigation, that CNS seeks to impose on Defendants a new requirement of instantaneous, "on-receipt" access. Essentially, CNS contends that, despite the clear contemporaneous standard set forth in their own case in *Schaefer*, the Defendants ought to be required purchase software in order to do what limited other jurisdictions voluntarily do. However, the *Schaefer* standard does not require Defendants to provide instant or on-receipt access just because other jurisdictions do so. CNS's proposed new standard well exceeds the requirement set by this Circuit's precedent and the U.S. Constitution.

Applying the correct, contemporaneous standard of access to newly filed civil complaints, the facts alleged in CNS's Complaint along with the judicially noticed court records demonstrate that CNS has not alleged that Defendants violate its First Amendment right to access newly filed civil complaints. For this reason, the Court should dismiss the Complaint for failure to state a claim

under Rule 12(b)(6).

## III. CONCLUSION

Defendants remain "committed to providing public access to court records in a manner that is responsible and compliant with the law." [DE 1-6] None of the contentions set forth in the Complaint establish that Defendants are violating CNS's qualified First Amendment right of contemporaneous access to newly filed civil complaints. Instead, the Complaint is simply CNS's latest attempt to intrude upon a state's interest in the administration of its courts, this time in North Carolina, and force Defendants to purchase and employ CNS's desired applications to best suit their business needs. No existing precedent supports the relief CNS seeks. Accordingly, the complaint should be dismissed.

Respectfully submitted this the 24th day of July, 2023.

JOSHUA H. STEIN
Attorney General

/s/Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. State Bar No. 28885
E-mail: eobrien@ncdoj.gov
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602-0629
Telephone: (919) 716-6800
Fax: (919) 716-6755
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day electronically filed the foregoing MEMORANDUM IN SUPPORT OF MOTION TO DISMISS using the CM/ECF system, which will send notification of such filing to all the counsel of record for the parties who participate in the CM/ECF system.

This the 24th day of July, 2023.

/s/ Elizabeth Curran O'Brien
Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. Department of Justice
