IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No.: 5:23-cv00280-FL

| | |
|---|---|
| COURTHOUSE NEWS SERVICE,<br><br>                      Plaintiff,<br><br>  v.<br><br>RYAN BOYCE, in his official capacity as Director of the North Carolina Administrative Office of the Courts; MICHELLE BALL, in her official capacity as Clerk of Superior Court of Johnston County; RENEE WHITTENTON, in her official capacity as Clerk of Superior Court of Harnett County; and BLAIR WILLIAMS, in his official capacity as Clerk of Superior Court of Wake County,<br><br>                      Defendants. | **PLAINTIFF'S OBJECTION TO PROPOSED STAY OF PARTIES' SCHEDULING CONFERENCE PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS** |

Pursuant to this Court's August 3, 2023, Text Order[1] regarding a potential stay of the Parties' Rule 26 scheduling conference activities pending resolution of Defendants' Motion to Dismiss (ECF No. 28, and with supporting memorandum at ECF No. 29, collectively, the "Motion to Dismiss"), Plaintiff Courthouse News Service ("Courthouse News") hereby respectfully files its objection to a stay pending a decision on Defendants' Motion to Dismiss. A stay should not be entered for at least the following reasons:

---

[1] The subject order reads in full: "Ordinarily at this juncture the court would trigger the parties' scheduling conference activities, and deadline for provision of their joint report and plan through issuance of initial order regarding planning and scheduling. Where defendants have filed a motion to dismiss, good cause appears to delay these activities. Unless a party raises objection in filing due within 14 days from this date, the court stays the parties' scheduling conference activities pending decision on motion filed 7/24/23."

First, the Motion to Dismiss presents a fundamental misunderstanding of controlling Fourth Circuit law and ignores the larger First Amendment-based public access harms—as detailed in the Complaint (ECF No. 1)—being suffered by the public, Courthouse News, and ultimately readers of its publications. These constitutional harms to public access, which are the direct result of Defendants' policies of withholding newly filed civil complaints from the public until clerical processing is complete, continue presently and occur daily.

Second, the First Amendment issues presented in the Complaint require at least limited discovery into the factual context surrounding the transparency issues here, just like the Fourth Circuit analyzed in *Courthouse News Service v. Schaefer*, 2 F.4th 318 (4th Cir. 2021). They should not be further prolonged merely because Defendants have filed a flawed motion to dismiss.

Finally, Courthouse News has sought, on multiple occasions, to hold a Rule 26 conference as expeditiously as possible so that discovery could begin. Defendants, on the other hand, have been largely unwilling to engage in that regard. Notably, however, Defendants did state they would be willing to hold the conference presently, *i.e.*, in mid to late August.

## ARGUMENT

*The Motion to Dismiss is Flawed*

The crux of the Motion to Dismiss is that the Fourth Circuit's ruling in *Schaefer* precludes any relief in this case because Defendants claim that they provide "contemporaneous" public access to court records as *Schaefer* commands. Not so. As will be discussed more fully in Courthouse News' forthcoming opposition to the Motion to Dismiss, *Schaefer* does not broadly sanction a "no-access-before-processing" policy as Defendants would have this Court find. Moreover, the Motion to Dismiss fails to address the overriding applicable First Amendment test from the U.S. Supreme Court's ruling in *Press-Enterprise Company v. Superior Court for the*

*County of Riverside*, 478 U.S. 1 (1986) ("*Press-Enterprise II*"). *Press-Enterprise II* held that a qualified First Amendment right of access attaches to transcripts of preliminary hearings upon their receipt, and this right may be curtailed only by an "overriding interest" that is "essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 9; *see also Schaefer*, 2 F.4th at 326-28 (applying *Press-Enterprise II* to civil complaint context and citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 585, 595 (9th Cir. 2020) ("*Planet III*") which found access right attaches upon receipt of document by a court).

Under this test, Courthouse News sufficiently alleges that Defendants' self-imposed "no-access-before-processing" policy violates the First Amendment and results in unjustified multi-day delays in access. *See* Compl. ¶¶ 1, 14-16, 42, 52-53, 63, 65-66. Defendants cannot meet their constitutionally-required high burden justifying curtailment of access rights in an e-filing environment, where software automatically performs intake tasks. Nor are Defendants' policies narrowly tailored. As is discussed at length in the Complaint, less restrictive technological means exist to permit both public access and clerical processing to occur concurrently, without one disrupting the other. *See* Compl. ¶¶ 8-14, 52-57. In short, Defendants' presentation of and reliance on *Schaefer* as dispositive of the issues complained of is misguided as *Schaefer* itself recognized that what constitutes "contemporaneous" access is context specific and factual. *See Schaefer*, 2 F.4th at 328.

***Discovery is Needed to Further Develop Facts Bearing Upon* Schaefer *Analysis***

Courthouse News should be permitted to further develop its case resulting from Defendants' processing policies through discovery while the Motion to Dismiss is pending. As noted above, it has pleaded that complaints are withheld for multiple days, stemming from Defendants' "no-access-before-processing" policies. How long complaints are withheld and why

3

they are withheld—including data from the North Carolina system (data other states have produced)—all bear directly upon whether the *Schaefer* "contemporaneous" access standard is satisfied and otherwise justified under *Press-Enterprise II*. Despite Defendants' apparent position that "no-access-before-processing" is absolutely sanctioned under *Schaefer*, "contemporaneous" access under the *Schaefer* factual context meant "'the same day on which a complaint is filed, insofar as practicable….'" *Schaefer*, 2 F.4th at 328. What is "practicable" in a pure e-filing context, as is presented here, is a different analysis than what *Schaefer* confronted.

In Courthouse News' nationwide experience litigating public access restrictions to complaints in the e-filing era, permitting discovery to begin expeditiously allows it to obtain the precise data on withholding public access underpinning its complaint allegations, data that resides exclusively with defendants. To not permit that to proceed often ultimately results in increased litigation costs that should whenever possible be avoided, particularly in cases where First Amendment rights are at stake. Discovery should be permitted to proceed.

***Courthouse News Repeatedly Requested to Schedule a Rule 26 Conference With Defendants***

Courthouse News has, from the relative onset of this case, diligently attempted to schedule a Rule 26 conference among the parties. Indeed, Rule 26(f) provides that the parties "must confer as soon as practicable" to discuss a discovery plan. *See* Fed. R. Civ. P. 26(f). Regardless of how Defendants responded to the Complaint, Courthouse News sought to move this case forward.[2] Those overtures have, however, been largely rebuffed.

---

[2] While Courthouse News extended Defendants the professional courtesy of consenting to additional time to respond to the Complaint, this should not be construed as acquiescence to additional delay. As noted above, Courthouse News' First Amendment rights continue to be violated daily, constituting ongoing injury to itself along with the inability to timely inform its readers of breaking news at local courthouses. *See Doe v. Public Citizen*, 749 F.3d 246, 272 (4th Cir. 2014) ("Because the public benefits attendant with open proceedings are compromised by delayed disclosure of documents, we take this opportunity to underscore the caution of our

4

Courthouse News first reached out to counsel for the Defendants on June 21, 2023, requesting to schedule a conference. That same day, counsel for the Defendants stated that because of summer vacations, the parties should confer about scheduling a conference the following week. Courthouse News followed up on that response on June 28 to no avail, and followed up again on July 10 and July 13. On July 13, counsel for Defendants stated that to hold the conference at this time would be premature and that their office had more pressing litigation matters to attend to. Defendants' counsel offered mid to late August to hold a conference. Courthouse News is ready to hold that conference now, as proposed by Defendants.

## **CONCLUSION**

For the foregoing reasons, Courthouse News respectfully requests that this Court not enter a stay of the Rule 26 meeting between the parties pending resolution of the Motion to Dismiss.

Dated: August 17, 2023

        Respectfully submitted,

        THOMAS & LOCICERO PL

        /s/ *Carol Jean LoCicero*
        Carol Jean LoCicero
        Florida Bar Number 603030
        Mark R. Caramanica
        Florida Bar Number 110581
        601 South Boulevard
        Tampa, FL 33606
        Telephone: (813) 984-3060
        Facsimile: (813) 984-3070
        clocicero@tlolawfirm.com
        mcaramanica@tlolawfirm.com
        tgilley@tlolawfirm.com
        jvanderhorst@tlolawfirm.com

---

precedent and emphasize that the public and press generally have a contemporaneous right of access to court documents and proceedings when the right applies. 'Each passing day may constitute a separate and cognizable infringement of the First Amendment.'") (citations omitted).

Daniela B. Abratt
Florida Bar Number 118053
915 Middle River Drive, Suite 309
Fort Lauderdale, FL 33304
Telephone: (954) 703-3418
dabratt@tlolawfirm.com

- and -

**STEVENS MARTIN VAUGHN & TADYCH, PLLC**

/s/ Michael J. Tadych
 North Carolina Bar No. 24556
mike@smvt.com
/s/ Kathleen O'Malley
North Carolina Bar. No. 51654
komalley@smvt.com
2225 W. Millbrook Road
Raleigh, NC 27612
Telephone: (919) 582-2300
Facsimile: (866) 593-7695

*Counsel for Courthouse News Service*

## CERTIFICATE OF SERVICE

This is to certify that on this 17th day of August, 2023, the undersigned has caused the foregoing to be electronically filed using the CM/ECF system, which will send notification of such filing to all the counsel of record for the parties who participate in the CM/ECF system.

/s/ *Carol Jean LoCicero*
Attorney