# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

Case No.: 5:23-cv-00280-FL

| | |
|---|---|
| COURTHOUSE NEWS SERVICE, ) <br> Plaintiff, ) <br> v. ) <br> BOYCE, et al. ) <br> Defendants. ) | RESPONSE TO PLAINTIFF'S NOTICE OF OBJECTION TO PROPOSED STAY OF DISCOVERY |

NOW COME Defendants, by and through their undersigned counsel, and hereby respond, as directed by the Court in its August 29, 2023 Text Order, to Plaintiff's Notice of Objection to Proposed Stay [DE 33].

**I. A Stay of Discovery Pending Resolution of Defendants' Motion to Dismiss is Appropriate**

A district court is authorized to stay discovery pending the court's decision on a pending motion to dismiss. *See Chaudhry v. Mobil Oil Corp.*, 186 F.3d 502 (4th Cir. 1999) (affirming stay pending resolution of Rule 12(b)(6) motion). "In certain cases, a stay of discovery may be appropriate to prevent a waste of time and resources by the parties and to make efficient use of judicial resources." *Ivery v. N. Carolina Ass'n of Educators, Inc.*, No. 2:22-CV-43-M, 2023 U.S. Dist. LEXIS 30415, 2023 WL 2192373, *2 (E.D.N.C. Feb. 23, 2023).

Federal district courts often stay discovery pending the outcome of dispositive motions that will terminate the case. *See e.g., Yongo v. Nationwide Affinity Ins. Co. of Am.*, No. 5:07-CV-94-D, 2008 U.S. Dist. LEXIS 14686, 2008 WL 516744, *2 (E.D.N.C. Feb. 25, 2008) (staying discovery pending motion to dismiss). Factors weighing in favor of a stay include (1) the potential for the dispositive motion to terminate all claims in the case or against a defendant; (2) strong support on the merits for the dispositive motion; (3) the irrelevancy of discovery to determining the dispositive motion. *Id.* at *6. "[A] stay of discovery may be appropriate to prevent a waste of time and resources by the parties and to make efficient use of judicial resources." *Res. Room SI, Inc. v. Borrero,* No. 5:22-CV-184-BO, 2022 U.S. Dist. LEXIS 163410, 2022 WL 4125146, at *1 (E.D.N.C. Sept. 9, 2022). Considering these factors, a stay of discovery pending resolution of Defendants' Motion to Dismiss is appropriate.

First, it is undisputed that resolution of the motion to dismiss in Defendants' favor would result in the complete dismissal of all claims. Second, Defendants' motion is based on the Fourth Circuit's holding in *Shaffer* and its application to the allegations made in the complaint whereas the Plaintiff's opposition to it is based on cases outside of the Fourth Circuit. [DE 29, DE 34] Third, because the motion to dismiss tests the legal sufficiency of the Complaint, there is no need for discovery before the court rules on the motion. Plaintiff asserts that they require discovery to develop facts to support their complaint, however, where a complaint is facially deficient, the plaintiff is not entitled to seek to fill in the blanks by conducting discovery. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007).

CNS asserts it is "entitled" to discovery, seemingly admitting, despite its representations in its complaint, that it does not actually possess any data regarding delays in access to newly filed civil complaints. [DE 34, p. 14] CNS also asserts that this data is "strictly in Defendants' control." [DE 34, p. 14] However, this information is publicly available. The date and time that a document is received by the court's electronic-filing system is stamped at the bottom of the first page of every filed document. *See* N.C. Gen. R. Prac. 5(b)(4)(a). The file-stamp is visible on the PDF of the document in Portal on the internet. In addition, the date and time that the electronically filed document was posted to Portal and available to the public in Portal is visible in Portal. It is listed as the "Created" date and time that is provided at the end of each Case Event entry in Portal. Accordingly, CNS has ample information available to evaluate its access to documents that are electronically filed with the courts. That CNS is either unaware of, or simply has not looked at, this publicly available information, is telling.

Finally, CNS asserts that Defendants' counsel "offered mid to late August to hold a conference" . . . "as proposed by Defendants." [DE 33, p. 5] This is not accurate. Undersigned counsel responded to CNS's repeated requests to conduct a case management conference on July 13, 2023, informing CNS that its request for a case management schedule was premature given that Defendants had not yet responded to the complaint. [Ex. A] Undersigned also reminded CNS of understaffing and numerous looming deadlines in other pending litigation, as documented in Defendants' Motion to Extend Time [Ex. A, DE 18]. While undersigned informed

CNS that her schedule should settle down mid to late August, she neither proposed, nor committed to, holding a case management conference at that time. [Ex. A] In any event, undersigned counsel's prediction was incorrect, and undersigned's litigation schedule has not eased.

In sum, the balance of relevant factors weighs in favor of entry of an order staying discovery pending resolution of Defendants' Motion to Dismiss. While it is an open question whether the Court will grant the motion to dismiss, it is undisputed that if the motion is granted, all of the time and resources (of which Defendants do not possess an abundance) devoted to discovery will be for naught. Defendants respectfully submit that good cause exists for entry of an order staying discovery, and request the Court enter its proposed order staying discovery.

Respectfully submitted this the 7th day of September, 2023.

JOSHUA H. STEIN
Attorney General

/s/Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. State Bar No. 28885
E-mail: eobrien@ncdoj.gov
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602-0629
Telephone: (919) 716-6800
Fax: (919) 716-6755
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

This is to certify that the undersigned has this day electronically filed the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO PROPOSED STAY OF DISCOVERY** using the CM/ECF system, which will send notification of such filing to all the counsel of record for the parties who participate in the CM/ECF system.

This the 7th day of September, 2023.

/s/ Elizabeth Curran O'Brien
Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. Department of Justice