IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No.: 5:23-cv00280-FL

| | |
|---|---|
| COURTHOUSE NEWS SERVICE,<br><br>        Plaintiff,<br><br>v.<br><br>RYAN BOYCE, in his official capacity as Director of the North Carolina Administrative Office of the Courts; MICHELLE BALL, in her official capacity as Clerk of Superior Court of Johnston County; RENEE WHITTENTON, in her official capacity as Clerk of Superior Court of Harnett County; and BLAIR WILLIAMS, in his official capacity as Clerk of Superior Court of Wake County,<br><br>        Defendants. | **JOINT RULE 26(f) REPORT AND DISCOVERY PLAN** |

1. Pursuant to Fed. R. Civ. P. 26(f) and L.R. 26.1(b), on 7 December 2023, a conference was held via Zoom by Carol Jean LoCicero, Mark R. Caramanica, and Michael J. Tadych, counsel for Plaintiff ("Plaintiff"), and Elizabeth Curran O'Brien, counsel for Defendants ("Defendants").

2. **Initial Disclosures.** The parties will complete by **21 December 2023** the initial disclosures required by Fed. R. Civ. P. 26(a)(1).

3. **Nature and Complexity of Case.** Plaintiff alleges that this case implicates Plaintiff's First Amendment right of access to newly filed, non-confidential civil complaints. Plaintiff's Complaint alleges that Defendants' policies of restricting public access to such records until clerical processing is complete violates its First Amendment access right. Plaintiff's claims arise under the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983.

4. Defendants deny that their policies and actions violated Plaintiff's rights stemming from the U.S. Constitution and 42 U.S.C. § 1983.

The parties agree that this case more closely resembles a "routine" case as opposed to a "complex" one and have proposed a discovery schedule that generally comports to a routine case track.

Plaintiff asserts that this Court has federal jurisdiction over this matter based on the issues arising under 42 U.S.C. § 1983 and the United States Constitution.

Plaintiff seeks declaratory and injunctive relief in this lawsuit. It also seeks recoupment of its incurred attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

5. **Discovery Plan.** The parties propose this discovery plan:

   **(a)** Discovery will be needed on the following subjects: (1) Plaintiff's allegations as set forth in the Complaint; (2) all other issues raised by the pleadings; (3) any expert disclosures; (4) Defendants' defenses; and (5) all other matters that will reasonably lead to the discovery of admissible evidence.

   **(b)** Discovery shall commence upon entry of the scheduling order. The parties have considered their separate commitments and the relevant holidays and agree that the date for the completion of all discovery is **Friday 27 September 2024** with all fact discovery ending on or before **Friday 28 June 2024** and expert discovery thereafter.

   **(c)** Plaintiff, on one side, and Defendants on the other, shall each be limited to twenty-five (25) interrogatories (including subparts) with answers due thirty (30) days after service absent extension.

   **(d)** Plaintiff, on one side, and Defendants on the other, shall each be limited to fifty (50) requests for admission with responses due thirty (30) days after service absent extension.

   **(e)** Plaintiff shall have up to twelve (12) fact witness depositions and Defendants shall have up to twelve (12) fact witness depositions. In addition to the depositions of fact witnesses, each Party shall be permitted to depose any expert designated by the other Party.

   **(f)** All depositions shall be limited to one (1) day of seven (7) hours of testimony, unless extended by agreement of the parties or by a Court Order.

   **(g)** The parties shall exchange reports required by Fed. R. Civ. P. 26(a)(2)(B) and disclosures required by Fed. R. Civ. P. 26(a)(2)(C) by **Friday 26 July 2024**. Counter designations of rebuttal experts (to the extent

necessary) are due within thirty (30) days of receiving another Party's expert designation. The parties shall make retained expert witnesses available for deposition as soon as possible after submission of the expert's report.

**(h)** The parties shall complete supplementations required under Fed. R. Civ. P. 26(e) by **Friday 23 August 2024**.

**(i)** The parties have discussed that this lawsuit could involve the discovery of electronically stored information and report to the Court the following:

  **(1)** At this point the parties are unaware of the full extent of relevant information that may be stored electronically but do not presently anticipate extensive discovery of electronically stored information. The parties have identified the following potential sources of electronically stored evidence that may be relevant to the claim(s) or defense(s) at issue:

   1. Electronic mail (including all electronic attachments) sent to and/or from parties relating to the incidents set forth in the Complaint;

   2. Any electronically stored information including but not limited to text messages, photographs, instant messaging, and social networking communications, relating or pertaining to the facts alleged in the Complaint;

   3. Documents and other records stored on parties personal computers, phones, PDAs or other devices relating to the facts alleged in the Complaint; and

   4. Any other electronically stored information that becomes evident or known during the discovery period which would fall within the scope of Fed. R. Civ. P. 26 for discovery purposes, provided it is relevant and proportional to the needs of this case.

  **(2) Identification and Retention.** The parties agree that they will undertake a good faith effort to identify relevant electronically stored information and will preserve any such information identified, provided that the parties will not be required to deviate from the record retention requirements mandated by state and federal law (and/or its normal records retention policies to the extent any retention policy differs from state or federal regulations/guidelines) with respect to electronically stored

information or other records which have not been previously specifically identified by the parties as relevant to this action.

**(3) Format.** Discoverable electronically stored information will be produced in either PDF format or in native format unless otherwise agreed that another format would best facilitate production and lower costs related to the production and review of the documents. The parties agree to work together in good faith, to resolve any issue regarding format of discovery.

**(j) Inadvertent production of privileged materials** ("clawback agreement") confidentiality concerns: The parties have discussed certain issues related to claims of privilege and protection of trial-preparation material and have agreed upon a procedure to assert such claims after an inadvertent production of privileged or trial-preparation materials. The parties agree that an inadvertent disclosure of privileged or trial-preparation materials (absent a clear indication of the intent to waive such privilege or protection), including but not limited to metadata and other such information, shall not be deemed a waiver or forfeiture of such privilege or protection provided that the party making the production or disclosure promptly identifies any such documents and/or metadata mistakenly produced after discovery of the inadvertent production. The parties further agree that, upon request, any such mistakenly-produced documents/metadata shall be returned. In the event of a dispute over use of any privileged materials, the receiving party must sequester or destroy all copies, and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court. The parties do not seek entry of an order memorializing their agreements as to inadvertent productions or, as set forth below, to claims of privilege and privilege log protocols.

**6. Other Items:**

**(a)** The parties do not request to meet with the court before the entry of a scheduling order.

**(b)** The parties request a pretrial conference at least thirty (30) days prior to the scheduled trial date.

**(c)** Plaintiff shall be allowed until thirty (30) days after the entry of the Case Management Order to join additional parties and/or to amend the pleadings.

**(d)**  Defendant shall be allowed until sixty (60) days after the entry of the Case Management Order to join additional parties and/or to amend the pleadings.

**(e)**  All potentially dispositive motions should be filed by the moving party by **Friday 1 November 2024**.

**(f)**  Counsel for the parties have discussed potential settlement of this case and will continue to do so as the matter proceeds.

**(g)**  Mediation shall be conducted by **Friday 27 September 2024**. The parties agree to select the mediator on or before **Friday 19 July 2024**.

**(h)**  Final lists of witnesses and exhibits under Fed. R. Civ. P. 26(a)(3) are due from the parties fourteen (14) days before trial or as otherwise set forth by the Court. Unless otherwise ordered by the Court, the parties propose that all motions *in limine* shall be filed no later than fourteen (14) days prior to the pretrial conference.

**(i)**  Objections pursuant to Fed. R. Civ. P. 26(a)(3) are to be filed by the parties seven (7) days before trial or as otherwise set forth by the Court.

**(j)**  If the case is ultimately tried, trial is expected to take approximately four (4) to five (5) days. This case should be ready for trial by the later of **Monday 24 March 2025** or 90 days after the Court rules on any dispositive motions.

**(k)**  **Confidential Information.** The parties have discussed certain issues relating to the disclosure of documents and information, which may be confidential information, and anticipate filing a mutually agreeable protective order pursuant to Fed. R. Civ. P. 26(c). The parties propose that they reserve the right to move for a protective order with regard to any subject of discovery, including but not limited to the subjects listed above.

**(l)**  **Privilege.** The parties agree to work together in good faith to resolve any issues arising regarding assertions of privilege or the contents or necessity of privilege logs. The parties further agree that no party will have an obligation to log any communications between themselves and their legal counsel on any respective privilege logs regarding the claims made in this lawsuit that occurred after the date this lawsuit was filed. Further, Plaintiff shall have no obligation to log any communications between itself and its legal counsel made in anticipation of the filing of this lawsuit.

**(m)** The parties' position on whether a magistrate judge may conduct all proceedings, including trial and entry of judgment, pursuant to 28 U.S.C. 636(c) (including entry of final judgment, with any appeal directly to the Fourth Circuit Court of Appeals), and Local Rule 73.1: No.

**(n)** The parties do not request a Rule 16(b) pretrial conference prior to entry by this Court of its case management order.

Dated: 21 December 2023

**THOMAS & LOCICERO PL**

/s/ Carol Jean LoCicero
Carol Jean LoCicero
Florida Bar Number 603030
Mark R. Caramanica
Florida Bar Number 110581
601 South Boulevard
Tampa, FL 33606
Telephone: (813) 984-3060
Facsimile: (813) 984-3070
clocicero@tlolawfirm.com
mcaramanica@tlolawfirm.com
tgilley@tlolawfirm.com
jvanderhorst@tlolawfirm.com

Daniela B. Abratt
Florida Bar Number 118053
915 Middle River Drive, Suite 309
Fort Lauderdale, FL 33304
Telephone: (954) 703-3418
dabratt@tlolawfirm.com

- and -

**STEVENS MARTIN VAUGHN & TADYCH, PLLC**

/s/ Michael J. Tadych
Michael J. Tadych
North Carolina Bar No. 24556
mike@smvt.com
Kathleen O'Malley

**JOSHUA H. STEIN, Attorney General**

/s/ Elizabeth Curran O'Brien
Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. State Bar No. 28885
E-mail: eobrien@ncdoj.gov
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602-0629
Telephone: (919) 716-6800
Fax: (919) 716-6755

*Counsel for Defendants*

North Carolina Bar. No. 51654
komalley@smvt.com
2225 W. Millbrook Road
Raleigh, NC 27612
Telephone: (919) 582-2300
Facsimile: (866) 593-7695

*Counsel for Courthouse News Service*