IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CV-280-FL

| | |
|---|---|
| COURTHOUSE NEWS SERVICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| RYAN BOYCE, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Plaintiff's motions to compel. [DE-60, -62]. The motions are opposed and fully briefed, [DE-69, -70], and the court held a hearing on the motions on November 26, 2024, [DE-71]. For the reasons that follow, the motions are denied.

I. **Motion to Compel Clerk Defendants' Production of Documents [DE-60]**

On August 27, 2024, Plaintiff served its First Request for Production of Documents on the Clerk Defendants, the written discovery it now asks the court to compel Defendants to answer. Pl.'s Mem. [DE-61] at 3. The Clerk Defendants contend that Plaintiff's motion should be denied for, among other things, failure to comply with the court's Case Management Order ("CMO"), [DE-42], and the court's August 21, 2024 order. Defs.' Resp. [DE-69] at 4–7.

The CMO provided that "All discovery shall be commenced or served in time to be completed by **September 27, 2024.** Fact discovery shall be completed by **June 28, 2024.**" [DE-42] ¶ 3. The court's Local Civil Rules further explain that "[a]ll discovery shall be served so as to allow the respondent sufficient time to answer prior to the time when discovery is scheduled to be completed." Local Civ. R. 26.1(b). On August 21, 2024, after a hearing, the undersigned issued an order granting Plaintiff's motion to extend the discovery period, finding good cause to "extend

the fact discovery deadline to allow the parties to resolve their outstanding discovery disputes and to complete document production and depositions." [DE 54]. The scope of the order, as sought by Plaintiff, allowed additional time for Plaintiff to resolve the outstanding issues related to Defendant Boyce's document production, to conduct the third-party deposition, and for Plaintiff and the Conference of the Clerks of Superior Court (the "Conference") to work to resolve their dispute and/or file a motion to compel or quash. The order did not otherwise amend the CMO to allow new discovery. Because the additional discovery Plaintiff served in its First Request for Production of Documents on the Clerk Defendants is beyond the limited discovery allowed by the court in its order, and Plaintiff has offered no reason for the court to depart from its order, the motion to compel is denied.

## II.   Motion to Enforce Subpoena and to Compel Documents from Non-Party [DE-62]

On July 3, 2024, Plaintiff served the Conference with the Rule 45 subpoena at issue. Pl.'s Mem. [DE-63] at 2. Plaintiff seeks an order compelling the Conference to search for and produce all non-privileged documents responsive to the subpoena, including searching the devices and email accounts of each of the relevant custodians identified by Plaintiff. Pl.'s Mem. [DE-63] at 1. The Conference argues that it does not have possession, custody, or control over the documents Plaintiff seeks. Conf. Resp. [DE-70] at 5–8.

As noted above, on August 21, after a hearing, the court extended the fact discovery deadline to September 27, 2024, in part to allow Plaintiff and the Conference to resolve outstanding discovery disputes. [DE-54]. The court encouraged the Conference and Plaintiff to resolve their outstanding discovery disputes and/or file appropriate motions to compel or motions to quash. The Conference corresponded with Plaintiff in an attempt to resolve their disputes, particularly as to the breadth of documents requested. After receiving a list of search terms proposed by Plaintiff,

2

Case 5:23-cv-00280-FL-RJ    Document 72    Filed 12/02/24    Page 2 of 5

the fact discovery deadline to allow the parties to resolve their outstanding discovery disputes and to complete document production and depositions." [DE 54]. The scope of the order, as sought by Plaintiff, allowed additional time for Plaintiff to resolve the outstanding issues related to Defendant Boyce's document production, to conduct the third-party deposition, and for Plaintiff and the Conference of the Clerks of Superior Court (the "Conference") to work to resolve their dispute and/or file a motion to compel or quash. The order did not otherwise amend the CMO to allow new discovery. Because the additional discovery Plaintiff served in its First Request for Production of Documents on the Clerk Defendants is beyond the limited discovery allowed by the court in its order, and Plaintiff has offered no reason for the court to depart from its order, the motion to compel is denied.

## II.   Motion to Enforce Subpoena and to Compel Documents from Non-Party [DE-62]

On July 3, 2024, Plaintiff served the Conference with the Rule 45 subpoena at issue. Pl.'s Mem. [DE-63] at 2. Plaintiff seeks an order compelling the Conference to search for and produce all non-privileged documents responsive to the subpoena, including searching the devices and email accounts of each of the relevant custodians identified by Plaintiff. Pl.'s Mem. [DE-63] at 1. The Conference argues that it does not have possession, custody, or control over the documents Plaintiff seeks. Conf. Resp. [DE-70] at 5–8.

As noted above, on August 21, after a hearing, the court extended the fact discovery deadline to September 27, 2024, in part to allow Plaintiff and the Conference to resolve outstanding discovery disputes. [DE-54]. The court encouraged the Conference and Plaintiff to resolve their outstanding discovery disputes and/or file appropriate motions to compel or motions to quash. The Conference corresponded with Plaintiff in an attempt to resolve their disputes, particularly as to the breadth of documents requested. After receiving a list of search terms proposed by Plaintiff,

the Conference searched its files and disclosed responsive documents on September 26, 2024, including twenty-three (23) emails and six (6) documents related to the Conference's Technology Committee and Executive Committee agendas, minutes, and reports. On October 7, 2024, the Conference disclosed five additional documents for years 2023-2024 to Plaintiff. The Conference also explained the search it conducted to show that it had made a good faith attempt to comply with the subpoena: (1) emails searched were for both Conference staff members Jamie Liles (Executive Director) and Shellie Vernon (Administrative Officer), and (2) Ms. Lilies searched the electronic files maintained by the Conference and hardcopy files. Conf. Resp., Ex. D [DE-70-4]. The Conference reiterated that it "does not maintain any notes, emails, or correspondence sent by individual clerks unless Conference staff had been copied." *Id.* The Conference does not have access to or control of communications of its individual clerk members, all of whom are independently elected North Carolina Constitutional Officers, N.C. Gen. Stat. § 7A-100. *Id.* [DE-70] at 4.

Subpoenas issued to nonparties are governed by Fed. R. Civ. P. 45, which "adopts the standard codified in Rule 26" in determining what is discoverable. *Schaaf v. Smithkline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005). However, Rule 45 imposes further limits when discovery is sought from nonparties. "A more demanding variant of the proportionality analysis [] applies when determining whether, under Rule 45, a subpoena issued against a nonparty 'subjects a person to undue burden' and must be quashed or modified." *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir.) (quoting Fed. R. Civ. P. 45(d)(3)(A)(iv)), *cert. denied*, 140 S. Ct. 672 (2019). This is so because "[b]ystanders should not be drawn into the parties' dispute without some good reason, even if they have information that falls within the scope of party discovery." *Id.* Ultimately, giving the nonparty status "special weight," the court must determine

3

"whether the benefits of discovery to the requesting party outweigh the burdens on the recipient." *Id.*; *Spring v. Bd. of Trustees of Cape Fear Cmty. Coll.*, No. 7:15-CV-84-BO, 2016 WL 4204153, at *1 (E.D.N.C. Aug. 8, 2016). When considering the propriety of enforcing a subpoena, a trial court should consider "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Id.* (quoting *Heat & Control, Inc. v. Hester Indus.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986)). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and the court "must quash or modify a subpoena that subjects a person to undue burden." Fed. R. Civ. P. 45(d)(1), (d)(3)(iv).

The Conference has searched all of its files and emails in good faith using the search terms provided by Plaintiff and provided the responsive documents on September 26, 2024 and October 7, 2024. Even if the Conference had access and control (which it does not) over individual clerk email accounts, requiring the Conference to search the emails of all 100 of its current members and to identify all past members since 2019 and search their emails is overly burdensome. This burden is not justified when the documents that the Conference did produce do not indicate that the officers and executive committee members, members of other committees, or individual members were communicating in emails on behalf of the Conference about issues responsive to the subpoena. Conf. Resp., Ex. A [DE-70-1]. Rather, the produced documents indicate that matters implicated by the subpoena were discussed at the Executive Committee and Technology Committee meetings where decisions on behalf of the Conference were made. This is consistent with the Conference's operations per its by-laws. *Id.*, Ex. E [DE-70-5] Art. V(1)(c), (f). The agendas and minutes for these meetings have been produced. Accordingly, Plaintiff's demand that the Conference search individual clerks' emails is nothing more than a fishing expedition. Plaintiff

4

cannot show that the Conference is likely to have any additional information that it does not already have, nor can it demonstrate that the documents sought would have more than a de minimis value in the pending litigation. Accordingly, the motion is denied.

SO ORDERED, the 2nd day of December, 2024.

*[signature]*
Robert B. Jones, Jr.
United States Magistrate Judge