IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| COURTHOUSE NEWS SERVICE,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>RYAN BOYCE, in his official capacity as Director of the North Carolina Administrative Office of the Courts; MICHELLE BALL, in her official capacity as Clerk of Superior Court of Johnston County; RENEE WHITTENTON, in her official capacity as Clerk of Superior Court of Harnett County; and CLAUDIA CROOM,[1] in her official capacity as Clerk of Superior Court of Wake County,<br><br>　　　　　　　　　Defendants. | Case No.: 5:23-cv00280-FL<br><br>**JOINT MOTION TO EXTEND DEADLINE FOR DISPOSITIVE MOTIONS** |

Pursuant to Federal Rule of Civil Procedure 6(b) and Local Rule 6.1, Plaintiff COURTHOUSE NEWS SERVICE ("CNS") and Defendants RYAN BOYCE, in his official capacity as Director of the North Carolina Administrative Office of the Courts, MICHELLE BALL, in her official capacity as Clerk of the Superior Court of Johnston County, RENEE WHITTENTON, in her official capacity as Clerk of the Superior Court of Harnett County, and CLAUDIA CROOM, in her official capacity as Clerk of the Superior Court of Wake County, ("Defendants"), jointly move this Court for an Order extending the deadline for dispositive motions by sixty (60) days. In support of this motion, the Parties state the following:

---

[1] Clerk Claudia Croom is automatically substituted for Blair Williams pursuant to Fed. R. Civ. P. 25(d).

1. A court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

2. The current deadline for dispositive motions is March 17, 2025. *See* D.E. 74. No subsequent deadlines in this case have been set as the Court reserved scheduling deadlines and procedures for final pretrial conference and trial, as appropriate, pending resolution of any dispositive motions. *See* D.E. 42.

3. The Parties previously jointly moved this Court for a ninety (90) day extension for two reasons. First, the Parties were in the early stages of settlement discussions. The terms of such a settlement require, among other things, investigation into certain logistical and technological matters that would be required to be resolved should the Parties move forward with settlement, as well as time to consider and confer generally over the terms of possible settlement. If settlement can be reached prior to the deadline for dispositive motions, it would conserve significant time and resources that would otherwise need to be invested by the Parties and this Court.

4. Second, the North Carolina Administrative Office of the Courts implemented new electronic recordkeeping rules after the close of the discovery period that bear upon the issues CNS has put at issue in this matter. The Parties agreed that in light of these rule changes and the production of documents related to them, additional limited discovery pertaining to the rule changes was warranted. The Parties then coordinated the taking of that additional, limited discovery to occur the week of March 3, 2025.

5. As the North Carolina Administrative Office of the Courts analyzed the potential settlement and implementation of one of the new electronic recordkeeping rules, Rule 1.5(which relates to public access to court records, including non-confidential civil

complaints) certain unexpected feasibility questions have arisen that require further review. There is also a possibility that further amendments to Rule 1.5 may be warranted. Given these developments, the North Carolina Administrative Office of the Courts requires additional time to continue evaluating potential technological solutions and to assess potential implications and feasibility of proposed settlement terms and determine the appropriate framework for implementing Rule 1.5.

6. The additional time requested will allow the North Carolina Administrative Office of the Courts to resolve feasibility questions, and thereby, fully engage in potential settlement discussions. Should settlement not be reached, it will also ensure that Courthouse News Service has an opportunity to fully engage in the agreed-on limited discovery regarding implementation of the new rule changes, or any potential additional revisions to Rule 1.5.

7. All Parties have conferred and jointly move for the requested extension.

8. This Motion is made for good cause, and not for the purpose of delay. Again, no additional case management deadlines will be disrupted by granting this Motion as such deadlines have yet to be determined.

WHEREFORE, the Parties jointly request that the Court extend the deadline for dispositive motions by sixty (60) days, up to and including May 16, 2025.

Respectfully submitted this 28th day of February, 2025.

        JEFF JACKSON
        Attorney General

        */s/* Elizabeth Curran O'Brien
        Special Deputy Attorney General
        N.C. State Bar No. 28885
        Email: eobrien@ncdoj.com
        N.C. Department of Justice
        P.O. Box 629
        Raleigh, NC 27602-0629
        Telephone: (919) 716-6800
        Fax: (919) 716-6755

        *Counsel for Defendants*

        -and-

        THOMAS & LOCICERO PL

        */s/* Carol Jean LoCicero
        Carol Jean LoCicero (FBN 603030)
        Mark R. Caramanica (FBN 110581)
        601 South Boulevard
        Tampa, FL 33606
        Telephone: (813) 984-3060
        Facsimile: (813) 984-3070
        clocicero@tlolawfirm.com
        mcaramanica@tlolawfirm.com
        tgilley@tlolawfirm.com
        jvanderhorst@tlolawfirm.com

        Daniela Abratt-Cohen (FBN 118053)
        915 Middle River Drive, Suite 309
        Fort Lauderdale, FL 33304
        Telephone: (954) 703-3418
        dabratt@tlolawfirm.com

        - and –

        STEVENS MARTIN VAUGHN &
        TADYCH, PLLC

        Michael J. Tadych (NC Bar No. 24556)
        mike@smvt.com

Kathleen O'Malley (NC Bar. No. 51654)
komalley@smvt.com
6300 Creedmoor Road, Suite 170-370
Raleigh, NC 27612
Telephone: (919) 582-2300
Facsimile: (866) 593-7695

*Counsel for Plaintiff*